UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE FLUELLEN, JR.,

        Plaintiff,

                                    Case No. 25-cv-1382-pp

   v.

FRANK J. BISIGNANO,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates

1

that he is not employed, he is not married and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff's only source of income is $292 in food stamps per month; he lists no expenses. Id. at 2-3. The plaintiff owns a 2013 Ford Escape valued at approximately $3,500; he does not own his home or any other property of value and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I am disabled and unable to work. My friend allows me to sleep on the couch, shower and eat, if not I would be homeless." Id. at 4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff used this district's form complaint, which indicates that he was denied Disability Insurance benefits by the Commissioner. Dkt. No. 1 at 1-2. The plaintiff states,

> Plaintiff presented evidence at the level of the Administrative Law Judge demonstrating that he suffers from cervical degenerative disc disease, status-post fusion, lumbar degenerative disc disease, partial tear of the right rotator cuff, right shoulder adhesive

2

capsulitis, mild asthma obesity, derpession [sic], attention deficit hyperactivity disorder(ADHD) and other medical impairments which limit his ability to perform any work. The ALJ's Residual Functional Capacity assessment based on these severe impairments is not supported by substantial evidence and applies incorrect standards of law. The ALJ's decision is not based on evidence due to legal error.

Id. at 2.

At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 11th day of September, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3