LAWRENCE FLUELLEN, JR.,

        Plaintiff,

  v.

                                 Case No. 25-cv-1382-pp

FRANK J. BISIGNANO,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 7) AND DISMISSING CASE**

On September 10, 2025, the plaintiff filed a complaint seeking review of the denial of his application for Social Security benefits. Dkt. No. 1. Two months later, the defendant filed a motion to dismiss the complaint, arguing that the plaintiff had not exhausted his administrative remedies. Dkt. No. 7. The plaintiff has not responded to the motion to dismiss.

**I.    Background**

The plaintiff filed a form complaint stating that he is seeking review of the denial of his Social Security disability insurance benefits. Dkt. No. 1. The complaint states that the plaintiff received a decision from an administrative law judge on "July 3, 20205 [sic]," id. at 3; the plaintiff attached a copy of that unfavorable decision to the complaint, id. at 4–27. The complaint alleges that the ALJ's residual functional capacity assessment "is not supported by substantial evidence and applies incorrect standards of law." Id. at 3.

1

The ALJ's decision states that on May 4, 2023, the plaintiff filed an application for benefits. Id. at 7. The ALJ states that the plaintiff's claim was denied at the initial and reconsideration levels and that the plaintiff subsequently filed a written request for hearing. Id. After holding a hearing, the ALJ issued a written decision determining that the plaintiff was not disabled within the meaning of the Social Security Act. Id. at 23. The ALJ's notice of decision—dated July 3, 2025—stated that the plaintiff could file an appeal with the Appeals Council within sixty days of receipt of the notice of decision. Id. at 4.

The complaint form includes a space for the plaintiff to provide the date of the Appeals Council's notice or determination on his claim; the plaintiff left this space blank and did not attach to the complaint a decision from the Appeals Council. Id. at 3. The plaintiff filed the complaint just over sixty days after the date of the ALJ's notice of decision.

On November 10, 2025, the defendant filed the instant motion to dismiss the complaint for failure to state a claim (or in the alternative, for summary judgment), arguing that the plaintiff had not timely appealed the ALJ's decision and thus had not exhausted his administrative remedies. Dkt. No. 8. It has been almost forty-five days since the defendant filed the motion to dismiss, and the plaintiff has not responded.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant

2

relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court takes "all the factual allegations in the complaint as true," Ashcroft v. Iqbal, 556 U.S. 662 (2009), and draws all reasonable inferences in the plaintiff's favor, Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016).

### III. Analysis

The defendant argues that the court should dismiss the complaint for failure to state a claim because the plaintiff has not exhausted his administrative remedies. Dkt. No. 8. The defendant argues that the plaintiff has not received a final appealable decision from the Commissioner because he did not request a review of the ALJ's decision by the Appeals Council. Id. at 4–5. The defendant attaches to his motion the administrative record as evidence that the plaintiff did not file a request for review by the Appeals Council. Id. at 5; Dkt. No. 8-1. The defendant asserts that although in some limited

circumstances a failure to exhaust may be excused, none of those circumstances apply here. Dkt. No. 8 at 5–6.

"Under 42 U.S.C. § 405(g), a plaintiff must receive a final decision from the Secretary before seeking judicial review of his claim." Johnson v. Sullivan, 922 F.2d 346, 352 (7th Cir. 1990). The plaintiff "must exhaust his administrative remedies by proceeding through all three stages of the administrative process." Id. (citing Bowen v. City of New York, 476 U.S. 467, 482 (1986)). That three-stage process is comprised of (1) a request for the state agency to reconsider the determination, (2) a request for a hearing before an ALJ and (3) a request for review of the ALJ's determination before the Appeals Council. Id. at 348 (citations omitted). Only then may the claimant seek review of the denial in district court. Id.

The plaintiff's complaint hints that he did not request review of the ALJ's determination from the Appeals Council—the plaintiff left blank the space which asked him to list the date of the Appeals Council's determination. The plaintiff also filed his complaint in this federal court just outside of the sixty-day deadline by which he was to have filed his request for review from the Appeals Council, making it highly unlikely that he already had obtained a final decision from the Appeals Council before filing the complaint in federal court.

The administrative record submitted by the defendant confirms that the plaintiff did not file a request for review with the Appeals Council. Generally, when ruling on a 12(b)(6) motion, the court may not consider documents outside of the pleadings without converting the motion to one for summary

4

judgment. See Fed. R. Civ. P. 12(d). But the court may consider "documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim." Wright v. Assoc. Ins. Cos. Inc., 29 F.3d 1244, 1248 (7th Cir. 1994). "In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012). The doctrine prevents the plaintiff from "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002).

The complaint alleges that the plaintiff "seek[s] review of an unfavorable final decision of the Commissioner of the Social Security Administration under 42 U.S.C. § 405(g) and/or 42 U.S.C. § 1383(c)(3)." Dkt. No. 1 at 3. The complaint also refers to the ALJ's decision and—notably—does not state whether the plaintiff received a notice or determination from the Appeals Council. See id. The complaint refers to the administrative record and alleges that the plaintiff received a "final decision." The defendant is entitled to submit a copy of that administrative record—authenticated by a records custodian—to demonstrate that the plaintiff's claim has no merit due to the lack of exhaustion. That means that the court can consider the administrative record to confirm that the plaintiff did not exhaust his administrative remedies without converting the defendant's motion into one for summary judgment.

5

Case 2:25-cv-01382-PP    Filed 12/29/25    Page 5 of 7    Document 9

The question then becomes whether the court should waive the exhaustion requirement. "Waiver of the exhaustion requirement is appropriate only where (1) the plaintiffs' suit involves a collateral attack rather than one on the merits, and (2) the plaintiffs' interest in prompt judicial review is so compelling that deference to the agency's determination is inappropriate." Johnson, 922 F.2d at 352–53 (citing Bowen, 476 U.S. at 483). The Seventh Circuit has also held that "[t]he exhaustion requirement can be excused when the claimant presents a colorable constitutional challenge." McDonald v. Astrue, 465 F. App'x 554, 556 (7th Cir. 2012) (citing Subia v. Comm'r of Social Sec., 264 F.3d 899, 902 (9th Cir. 2001)). The court has not received from the plaintiff a response to the defendant's motion to dismiss, and the court is not required to construct an argument on the plaintiff's behalf. Nor does the face of the complaint demonstrate that either of these exceptions apply. The plaintiff's claim is a routine request for review of the denial of benefits. It is not a "collateral attack" on the administrative proceedings, nor does it provide a "compelling" reason to expedite the proceedings. Nor does the face of the plaintiff's complaint state any constitutional challenge. There is no basis for the court to waive the exhaustion requirement.

For these reasons, the court must dismiss the complaint. Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion, 786 F.3d at 519–20). Amending the

complaint would be futile because the administrative record demonstrates that the plaintiff did not file a request for review with the Appeals Council within the sixty-day time limit. The plaintiff cannot plead around his failure to exhaust his administrative remedies. The court will dismiss the complaint without leave to amend.

**IV. Conclusion**

The court **GRANTS** the defendant's motion to dismiss the complaint. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of December, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**